FILED
2023 Apr-13 PM 05:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DIVISION OF ALABAMA**

| | | |
|---|---|---|
| | * | |
| **BEVERLY OWEN BARBER** | * | **CASE NO ____________** |
| **PLAINTIFF,** | * | |
| | * | |
| **VS** | * | |
| **DANNY MITCHELL,** | * | |
| **DANNY MITCHELL D/B/A** | * | |
| **MITCHELL'S PARADISE CAMPGROUND,** | * | * |
| **STEVE MARSHALL,** | | |
| **ATTORNEY GENERAL** | | |
| **STATE OF ALABAMA** | | |
| **DEFENDANTS,** | | |

**<u>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF</u>**

INTRODUCTION

This action arises as result of a disputed interpretation of the state statute 34-3-61, vague as to the legislature's intent; thus, the varying interpretations and the filing of a lis pendens for an attorney lien under 34-3-161(b) and 34-3-61(c) has resulted in claims against the Plaintiff for the sum of $8,000,000.00. The excessiveness of the claims and injustice is premised upon the Plaintiff long running fight and actions relating to the lis pendens. Political issues have arisen with request for injunctive relief filed, relating to a controversial private development, in case number 23 CV-00371. The private developer's plans endangers lives and public safety; as well as, an inevitable, subsequent taking of private property to correct these hazards, upon its' completion. Entrances violate DOT standards, including lack of requisite visibility for oncoming traffic. The subsequent taking of property is shown to be a pattern, recent similar illegal takings for the area. The Plaintiff' made a stand on behalf of local citizens after learning of recent order to "take what is offered by 5:00pm or get nothing."

Here, the claim for the lis pendens against Mitchell's Paradise Campground created a proposed financial devastation through litigation pending in St Clair County, Alabama and is likely intended to chill her speech in opposition to wrongs inflicted upon citizens of the area. The opinion of the United

States Supreme court said, in Bennis, “when the property owner is blameless, economic sanctions are virtually per se unconstitutional.

The Plaintiff requests a declaration by this court regarding the Statute 34-3-61 seq. ; in that, as written the statute lacks clarity for the relief afforded an attorney under the statute, with the circuit court saying it is applicable only to recovery of a TITLE on property; thereby the lis pendens filed by the Plaintiff, presented the presents the opportunity to create financial hardship for what is alleged to be an illegal lis pendens, on claims for $8,000,000.00 on a seller’s “bogus” contract, claiming loss of sale due to the lis pendens.

JURISDICTION AND VENUE

1 This Court has subject matter jurisdiction under 28USC sec. 1331 over the question of constitutionality of the claims under the United States Constitution.

2 Venue is proper in the United States District Court for the Northern District of Alabama under 28 USC sec 1391(b)(1); grounds exist for exception to the immunity afforded the State in this action; the action is not applicable for immunity because, the state is technically not being sued , with declaration of the statute and relief sought here.

3 Barber is a licensed attorney in the State of Alabama and resides in St Clair County, Alabama.

4. Danny Mitchell, is a resident of St Clair County, Alabama and Mitchell’s Paradise campground, located in St Clair County, Alabama are necessary parties for their challenge to the legality of Plaintiff’s lis pendens.

**Background for challenge to Statute 34-3-61**

5. This action challenges the constitutionality of this state statute, 34-3-61, known as the attorney lien statute and as written, creates confusion as to the obligation or right for the filing of the notice of lis penden; yet, if filed in error, punitive damages arise. Here, there are different interpretations of the statute for the lis pendens filed for legal fees, for the attorney’s representation of the entity known as

Mitchell's Paradise Campground that involved in rem actions, for the removal of the property's trees, erosion materials, critical at shoreline and removal of buildings from the lands; in addition, other representations included licensing issues for the land, relating to their waste disposal and shoreline per*mitting; plus, an action was filed for the owner, individually with a large recovery of funds; yet legal services were not paid for the five years work. If lis pendens is illegal, in the instant case, then there is a denial of equal protection*; in that, said filing of **notice** is a mandatory for other professions who holds liens for enforcement.

6. No challenge has been previously made for the constitutionality of Statute 35-3-61; nor was Plaintiff's request allowed by the lower court to file a claim for the unconstitutionality of said statute and instructed her to file an independent action.

## 2006 Alabama Code - Section 34-3-61 — Liens.

*(a) Attorneys-at-law shall have a lien on all papers and money of their clients in their possession for services rendered to them, in reference thereto, and may retain such papers until said claims are satisfied, and may apply such money to the satisfaction of said claims.*

*(b) Upon actions and judgments for money, they shall have a lien superior to all liens but tax liens, and no person shall be at liberty to satisfy said action or judgment, until the lien or claim of the attorney for his fees is fully satisfied; and attorneys-at-law shall have the same right and power over action or judgment to enforce their liens as their clients had or may have for the amount due thereon to them.*

*(c) Upon all actions for the recovery of real or personal property, and upon all judgments for the recovery of the same, attorneys-at-law shall have a lien on the property recovered, for their fees, superior to all liens but liens for taxes, which may be enforced by said attorneys-at-law, or their lawful representatives, as liens on personal and real estate, and the property recovered shall remain subject to said liens, unless transferred to bona fide purchasers without notice.*

*(d) The lien in the event of an action, provided in subsections (b) and (c) of this section, shall not attach until the service upon the defendant or respondent of summons, writ or other process. However, when any claim is settled between the parties after the filing of an action but before the defendant has actual notice of the filing of the action by service of summons or otherwise, such settlement shall operate as a full discharge of the claim.*

7. The Plaintiff's notice of lis pendens was properly filed reflecting the sum of $150,000.00 in legal fees owed to Plaintiff and recorded in the Probate Court of St Clair County, Alabama upon

learning from the property owner's family with written documentation, there was never any intentions to pay for the five years of legal services rendered . The case numbers for the prior litigations were reflected in the notice of lis pendens for work directly related to the entity, Mitchell's Paradise Campground; as well as, defendant, Danny Mitchell.

8 The vague verbiage of the statute 35-3-61(b) and 34-3-61(c) will allow unbridled fines to be levied against the Plaintiff for an alleged loss sale of $4,000,000.00 for an owner-financed deal, when seller could not even provide contact information for his alleged buyer or ever received any consideration under the alleged contract. Still, summary judgment was entered with no documentation or even an affidavit in support of the ex con's claims. A second lis pendens had been *previously* filed by another attorney against the same property; as such, a new claim was also filed against the Plaintiff, alleging a conspiracy with the other attorney in that case for slander of title. The counsel in that case has been dismissed, leaving the Plaintiff in this second $4,000,000.00 action, 75CV 2022-900104. That she did not file. The plaintiffs in 75CV 2022-900104, testified in deposition that they never even talked to Barber except concerning her help from the Red Cross after becoming homeless. Still, a second $4,000,000.00 claim exists for the very same tract of land, Mitchell's Paradise Campground.

9 The alleged retaliation against Plaintiff is exemplified by the fact that, *opposing counsel Charles Robinson Jr.,* has jeopardized his license to practice law and as an officer of the court, illegally subpoenaed the Plaintiff's cell records in order to access to attorney/client privileged information, accomplished by mislabeling the subpoena, referenced as non-party, then by covering the return on service to hide the pertinent information and conceal his illegal act. Opposing counsel issued a second subpoena for privileged information, which was discovered ; however, Plaintiff's motion to quash was ignored by the Judge in 75CV900150 and the second subpoena also issued for privileged attorney/client information. The same judge presides in both actions for the total claims of $8,000,000.00.

10 The opposing counsel even took Plaintiff's employment contract, for the legal services, subject of the lis pendens and left the courtroom with the evidence, which was caught on tape. The Judge dismissed the claim without even a review of the tape.

11. The illegal subpoenas to attorney/client privileged information; as well as, tampering with evidence, apparently afforded some extraordinary compensation as justification for opposing counsel to jeopardize his legal career. The irreparable economic impact to the Plaintiff through fines and the resulting, loss of the Plaintiff's property is intended to chill her speech and opposition to political enemies. Opposing counsel's reprehensible conduct is documented throughout the record; as well as, the apparent bias rulings, likely unsurpassed in decades. An unattainable appeal bond is expected to preclude a review of the record.

12 **The question to be addressed in this court is a determination of the intent of the legislature in Statute 34-3-61(b) and 34-3-61(c) to means the exact words as written or as interpreted by the local court, as applicable to a recovery only of TITLE under subsection (c).**

13 It is undisputed that the Plaintiff represented Mitchell's Paradise Campground in litigation that involved in rem actions, for the removal of the property's trees, erosion materials critical for the shoreline and removal of buildings from the lands etc, as well as, *for the owner, individually with a large recovery of funds.* Further, the lis pendens was due to be filed when it was made known there was never an intent to pay for the services rendered.

In interpreting the statute 34-3-61, Barber relied upon **<u>Harris v Capel & Howard,</u> 2170973 (2019) saying, *"Put another way, an attorney's lien attached to either the expected money judgment or the real property that is the subject of the action at the time that the defendant or respondent is served in the action in which the attorney's services are rendered" Id at 424.***

EXCESSIVE FINES

Supreme Court Justice White wrote: The majority acknowledged that the eight amendment has never been confined to criminal punishment so long as the punishment at issue is sufficiently analogous to criminal punishment. 430 US 699 (noting the majority's statement, 430 US at 669 n.37

14 A slander of title claim includes the element of malice, found to be inappropriate for entry of summary judgment with case law disregarded in the case with Defendant, Mitchell and serves to be analogous to a criminal punishment allowing for punitive damages. Further, the levy of a cost prohibitive appeal bond is no less a denial of a liberty than an excessive bond for a criminal offense. The alleged malice and punitive damages arise from the Plaintiff's failure to remove the lis pendens. The Plaintiff relied upon case law and the rights set out in Alabama Statute 34-3-61(b) and 34-3-61(c) authorizing the filing of the attorney notice of lis pendens for pending action for moneys owed in unpaid legal fees ; further justification for the recording of the notice was found in prior cases, when there was an express notice that said legal fees were not going to be paid for 5 years work.

13 The Eight Amendment also protects against excessive civil fines as noted in Hudson v United States 522 US 93(1997). In addition to monetary payments, the excessive fines clause applies to forfeitures of property, as held in Austin v United States , 509 US 602(1993)

In Ellis v City of Montgomery 460 F Supp 2d 1301 MD "Ala 2006, the court said, "Under Alabama law, upon commencement of any civil action involving an *interest in real property,* the party instituting the action must file a notice in the probate office, Ala Code 35-4-131. Subsequent purchasers and interest holders are protected from the pending action if not filed. "

An attorney lien has long been held as a property right. In Darrington, 32 Ala 227, supra, the question of attorney fees was held to be a property right..

Plaintiff's brief in support and supporting documents are to be filed upon separate cover.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the court grant the following relief,

A A declaration pursuant to 28 USC sec. 2201 for the statute 34-3-61 and subsections, a, b and c as to whether it is unconstitutional as written and/or inapplicable to the lis pendens subject of the controversy.

B Such other and further relief as the court deems equitable, just and proper.

Respectfully submitted on this 12th day of April, 2023

by/ s/ Beverly Owen Barber
105 Florida Road
Pell City, Al 35125
205 338 0729

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing by certified mail properly addressed to the following defendants on this the 13th day of April, 2023.

Steve Marshall, Attorney General
State of Alabama
501 Washington Ave.
Montgomery, AL 36104

Danny Mitchell
595 Kiker's Camp Place
Ragland, AL 35131

Danny Mitchell d/b/a Mitchell's Paradise Campground
595 Kiker's Camp Place
Ragland, AL 35131

/s Beverly Owen Barber