# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

**BEVERLY OWEN BARBER,**
    Plaintiff,

v.

**Case No. 4:23-cv-484-CLM**

**DANNY MITCHELL,** *et al.***,**
    Defendants.

## MEMORANDUM OPINION

Beverly Barber sues Danny Mitchell, individually and doing business as Mitchell's Paradise Campground. Barber was Mitchell's attorney in a prior lawsuit, and Barber says Mitchell never paid her for five years of legal services. So Barber says she has an attorney's lien on Mitchell's property.

Barber asks this court to enter a declaratory judgment on the interpretation of an Alabama attorney's lien statute (Ala. Code § 34-3-61). (Doc. 1, Doc. 8). Mitchell moves to dismiss Barber's complaint for three reasons: (a) for lack of subject matter jurisdiction, (b) for failure to state a claim against Mitchell under Rule 12(b)(6), and (c) as a shotgun pleading. (Doc. 4). For the reasons stated within, the court **GRANTS** Mitchell's motion to dismiss. (Doc. 4).

## BACKGROUND[1]

Barber's complaint itself is difficult to interpret, but the gist of it is this: Barber was Mitchell's attorney in a prior lawsuit, and Barber says Mitchell never paid her for five years of legal services. So Barber says she

---

[1] Barber is a *pro se* plaintiff. While the court is mindful that, typically, "*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys," *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), Barber is a licensed attorney in the state of Alabama.

now has an attorney's lien on Mitchell's property—the subject of the *in rem* action in which she represented Mitchell.[2]

Barber says that after filing a lis pendens for her attorney's lien, Mitchell sued her for slander of title relating to Mitchell's Paradise Campground, with claims against her totaling $8 million. To the court's best understanding, Barber appears to allege that a state court judge told her Alabama's attorney's lien statute did not apply to her lien on Mitchell's property, but only to recovery of title of land. Barber disagreed and says the state court judge told her to file an independent action to challenge the statute's interpretation.

So Barber filed this lawsuit; asking this federal court to interpret the state statute differently than the state court did. (Doc. 1; Doc. 8, pp. 1-2). Barber says she came to federal court to "challenge[] the constitutionality of this state statute, 34-3-61" because "there are different interpretations of the statute." (Doc. 1, pp. 2-3, ¶¶ 5-6) ("If lis pendens is illegal, in the instant case, then there is a denial of equal protection; in that, said filing of notice is a mandatory for other professions who holds liens for enforcement."). Essentially, Barber asks this court to agree or disagree with a state court judge's interpretation of Alabama law. For the reasons stated below, the court lacks jurisdiction to do so and will thus **DISMISS** Barber's case.

## STANDARD OF REVIEW

When a claim is challenged for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the party bringing the claim bears the burden of establishing proper subject matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). And "[i]f the plaintiff fails to shoulder that burden, the case must be dismissed." *Williams v. Poarch Band of Creek Indians*, 839 F.3d

---

[2] Mitchell says that Barber's representation was limited to a medical malpractice action. (Doc. 4, pp. 1-2). At the Rule 12 stage, the court assumes the facts as Barber pleads them.

1312, 1314 (11th Cir. 2016) (citing *In re Trusted Net Media Holdings, LLC*, 550 F.3d 1035, 1042 (11th Cir. 2008)).

## DISCUSSION

The court will dismiss this case for three reasons, each of which is sufficient by itself.

### 1. The court lacks jurisdiction.

Federal courts have limited jurisdiction. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). They are empowered to hear cases "raising federal questions or cases involving diverse citizens where the amount in controversy exceeds $75,000." *Bell v. Birmingham Bd. of Educ.*, No. 23-10118, 2023 WL 7325499, at *1 (11th Cir. Nov. 7, 2023) (citations omitted). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410. So the court must grant Mitchell's motion to dismiss if the court determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Resnick v. KrunchCash, LLC*, 34 F.4th 1028, 1034 (11th Cir. 2022) (quoting *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011)).

To invoke the court's federal question jurisdiction, Barber says this case is a "question of constitutionality of the claims under the United States Constitution" and that "[i]f lis pendens is illegal, in the instant case, then there is a denial of equal protection." (Doc. 1, p. 2, ¶ 1; Doc. 1, p. 3, ¶ 5). Barber later responds that she *has been denied* equal protection under the Fourteenth Amendment because "the state court refused to hear and allowed no opportunity to amend the complaint to challenge the statute 34-3-161seq. [sic]." (Doc. 8, p. 3, ¶ 7; Doc. 10, p. 4, ¶ 14).

First, it appears Barber is claiming that *if this court interprets an Alabama attorney's lien statute a particular way* (finding that her lis pendens is illegal), then she has been denied equal protection by the state court judge because she wasn't allowed to challenge the statute. (Doc. 1, pp. 2-3, ¶¶ 5-6). But this court cannot interpret Alabama law to help Barber determine whether she has a claim that invokes this court's jurisdiction. State courts are well equipped to interpret their own statutes and federal courts are "bound by that state interpretation." *Cotton States Mut. Ins. Co. v. Anderson*, 749 F.2d 663, 667 (11th Cir. 1984) (citations omitted). Barber can challenge a state court's interpretation of a state statute, but that type of case belongs in state court.

Second, in her response, Barber says she has been denied equal protection because the state court judge wouldn't let her amend her complaint to challenge the statute's constitutionality. (Doc. 8, p. 3, ¶ 7). But "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quoting *Bolin v. Story,* 225 F.3d 1234, 1239 (11th Cir. 2000)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* So Barber cannot bring an equal protection claim "as a device for collateral review of [a] state court judgment[]" or to review a state court judge's discretionary decision made in her judicial capacity. *Id.* at 1070-71.

Barber has failed to carry her burden of establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd.*, 411 F.3d at 1247. But even if she had properly invoked this court's jurisdiction, none of these claims have anything to do with Danny Mitchell.

## 2. Barber lacks standing to sue Danny Mitchell.

Article III of the Constitution limits federal courts' jurisdiction to "Cases" and "Controversies," *see TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021), thereby "confin[ing] the federal courts to a properly judicial role." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "To have a

4

case or controversy, a litigant must establish that he has standing." *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020) (quoting *United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019)). To show standing, a plaintiff must prove three elements: (1) he suffered an injury in fact; (2) the defendant caused that injury; and (3) a favorable decision will likely redress it. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "To satisfy the causation requirement of standing, a plaintiff's injury must be 'fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.'" *Jacobson*, 974 F.3d at 1253 (citing *Lujan*, 504 U.S. at 560). "[F]or purposes of traceability, the relevant inquiry is whether the plaintiffs' injury can be traced to 'allegedly unlawful conduct' of the defendant, not to the provision of law that is challenged." *Collins v. Yellen*, 141 S. Ct. 1761, 1779 (2021) (citation omitted).

Barber says that Mitchell is a proper party because "the constitutionality of the statute 34-3-61 arises pursuant to matters that related specifically to [Mitchell's] property." (Doc. 10, pp. 1-2). But even if the court were to interpret the Alabama statute the way Barber wants, Barber has not alleged facts to show that a favorable decision would redress any injury traceable to *Mitchell's* unlawful conduct. *Collins*, 141 S. Ct. at 1779. Again, Barber alleges that a state court judge prevented her from challenging the Alabama attorney's lien statute in state court—and that she may have suffered a constitutional injury based on the state court's interpretation of the statute. Barber airs grievances about Mitchell and his attorney (and vice versa) throughout the briefs—but none of these grievances are tied to any claim Barber raises against Mitchell within this court's jurisdiction.

Because Barber has not alleged facts to support that any injury traces back to Mitchell,[3] she lacks standing to bring this suit. *Jacobson*, 974 F.3d at 1253.

---

[3] Barber says once in her complaint that "the alleged retaliation against Plaintiff is exemplified by [opposing counsel's actions]." (Doc. 1, p. 4, ¶ 9). Even if Barber intends to bring a retaliation

### 3. Barber fails to state a viable claim.

The Eighth Amendment provides: "Excessive bail shall not be required, **nor excessive fines imposed**, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. (emphasis added).

When a claim is brought for deprivation of a constitutional right, that claim must be brought against a state actor, with few exceptions. *See Rayburn ex rel. Rayburn v. Hogue,* 241 F.3d 1341, 1347 (11th Cir. 2001). A private person is considered a state actor if the state coerced or "significantly encouraged" the private person to act, the action was traditionally performed by a state official, or the state was a joint participant in the action. *Id.*

In her complaint, Barber claims that she has faced "excessive fines" in violation of the Eighth Amendment because of the slander of title claims against her totaling $8 million in damages. (Doc. 1, pp. 4, 6). Barber acknowledges that cases arising under the Constitution must be enforced by some act of public authority. (Doc. 8, p. 3, ¶ 8). So if Barber alleges that Mitchell violated her Eighth Amendment right to be free from excessive fines, she must allege that Mitchell should be considered a state actor here. *Rayburn*, 241 F.3d at 1347. But she does not.

Barber doesn't allege that the state encouraged Mitchell to bring slander of title claims against Barber, that the state typically brings such suits, or that the state participated in his choice to bring the suit. *See id.* And it appears from the complaint that Mitchell is a private individual operating a privately owned business. Because Mitchell is not a state actor and cannot be considered as one here, Barber cannot claim that he has violated her constitutional rights.[4]

---

claim against Mitchell, she alleges no facts in support of such claim—and again, she alleges no injury traceable to Mitchell.

[4] If Barber intends to allege that it is the state court judge who has violated her Eighth Amendment right to be free from excessive civil fines, she lacks standing to do so in this suit against Mitchell. *See* Discussion, Part 2.

## CONCLUSION

Because the court lacks jurisdiction over this action, the court **GRANTS** Mitchell's motion to dismiss. (Doc. 4).[5] The court will enter a separate order consistent with this memorandum opinion that closes this case.

**DONE** and **ORDERED** on February 20, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

---

[5] Because the court lacks jurisdiction to hear this case, the court **DENIES AS MOOT** all other pending motions. (Docs. 12, 16, 19, 20, 24).